JERSEY LAND COMPANY, A CORPORATION. v. JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, ET AL.

Argued October term, 1926—Decided December 30, 1926.

**Zoning—Erection of Large Public Garage—Under Normal Conditions the Right to Erect a Private Garage is Undoubted and Perhaps Also a Public Garage—This Case on the Border Line and Writ Denied.**

On application for peremptory writ of *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the relator, *Leber & Ruback*.

For the respondents, *Walter C. Ellis*.

PER CURIAM.

The practical question propounded by this application is whether a peremptory writ of *mandamus* should go to compel the city to issue a permit for the erection of a large public garage building, designed to accommodate sixty automobiles, to be used by the general public, having an entrance on Park avenue, in East Orange, in view of the fact that the entrance is on a grade and two hundred and thirty-eight feet from the largest grammar school in the city.

Under normal conditions the right to erect a private garage is undoubted, and perhaps a public garage may be justified, yet this case is on the border line, and the denial of the city to grant the permit is well within the exercise of the police power of the city.

It is settled in this state that a municipality has a right by ordinance to prohibit the erection of a garage within a certain number of feet of certain congested centers occupied by churches, schools, and the like, and this, it seems to us, is

what has practically been done by the ordinance in question. The city has been divided into districts, and in certain districts, apparently, for police and sanitary reasons the erection of a public garage is prohibited.

In *Hench* v. *East Orange*, 2 *N. J. Mis. R.* 510, we declare that the presumption is that such a zoning ordinance is within the police power, and the burden is on the property owner to show the contrary; and quite recently that rule was applied to the ordinance in question, in the case of *Long* v. *Scott*, 4 *Id.* 587, where the same prohibition was laid against vacant land, and it was declared that the burden was on the relator to show that the provision in question was not reasonable.

In the case of *Portnof* v. *Bigelow*, 4 *N. J. Mis. R.* 539, this court refused to permit a public garage in a residential district, saying: "We are unable to perceive anything unreasonable about forbidding a large public garage in the midst of a continuous block of closely-built dwelling-houses. How much stronger is the present case in its ground for refusal, in the known built-up character of the residence district, the proximity of school houses to the relator's land, and the physical division of Park avenue as a street."

We think these adjudications sufficiently declare the governing legal principle, and clarify the situation presented by the facts in this case, to warrant the denial of the writ.

Such will be the rule.